———o———

## No. 3594.

### (Court of Appeal, Parish of Orleans.)

## S. D. MOODY & CO., LTD., vs. SEWERAGE AND WATER BOARD, FOR THE CITY OF NEW ORLEANS.

Appeal from Civil District Court, Division "D."

Buck, Walshe and Buck, for Plaintiff and Appellant.

Omer Villere and J. Zach Spearing, for Defendant in Warranty, Defendant and Appellee.

1. In proceedings *in rem* the real owner of the thing proceeded against,

or at least the apparent owner under a recorded title in his name, must be made the defendant in the action.

2. The title to all property of every kind and nature, real or personal, purchased or in any manner acquired by the Sewerage & Water Board, is vested in the City of New Orleans; hence in actions affecting or concerning such property, the city is a necessary party thereto.

MOORE, J.  This was an action *in rem*, to enforce a local assessment for street paving.

On the assumption that the Sewerage & Water Board of the City of New Orleans owned the property against which the assessment was levied, it *alone* was made defendant.

It may not be doubted that actions of this character may not be maintained unless brought contradictorily with the real owner, or, at least, with the apparent owner holding under a recorded title in his name.

It is denied by the defendant that any such owner is in the case, the contention being that the evidence shows title to be in the City of New Orleans and not in the Sewerage and Water Board.

It this be so it is useless to consider any other of the several special defenses set up in the answer of defendant, or the exceptions and defences of the warrantor, whom the defendant called in the case, as the action cannot be maintained.

The facts disclosed by the evidence, to the extent that they are necessary to a proper appreciation of this question, are as follows:

The property abutting the street paved, and which was assessed for its pro rata of the cost of paving, is situated in the City of New Orleans, and the work was done by virtue of the City's contract with plaintiffs under and by virtue of the provisions of its then charter, Sec. 37, of Act. No. 20 of 1882, as amended by Act. No. 119 of 1886 and Act No. 142 of 1894.

At the time when the work was commenced and when completed,

and also when, subsequently, the City Engineer's certificate of acceptance and approval of the work, and assessment of the cost was recorded so as to preserve the lien accorded the contractor on the abutting property for its pro rata cost of paving, (Sec. 3 of Act 72 of 1873), one Alexander Turegana was the owner of the property concerned in this cause.

Subsequently, to-wit on the 10th of January, 1898, the property was offered for sale by the city for the taxes of 1893 and 1894, assessed in the name of Turegana, and was adjudicated to Thornwell Gachet.

On the 4th day of May, 1900, Gachet conveyed the property by conventional sale, and with full warranty, to the Drainage Commission of the City of New Orleans, which commission was created by Act 114 of 1896, as amended by Act No. 63 of 1898 and Act No. 72 of 1900; and in that name the property still stands on the public records.

By Act No. 111 of 1902, which Act has come to be known as the "Merger Act," the Drainage Commission went out of existence being merged with the Sewerage and Water Board of the City of New Orleans which was created under Act No. 6 of 1899, E. S., as amended by the "Merger Act," *supra*. This Act provides that:

"* * * in order that this merger may be complete, all and singular the rights, debts and obligations of said Drainage Commission, acquired under Act 114 of 1896, Act. 63 of 1898 and Act 72 of 1900, and otherwise, be and the same are hereby imposed, lodged and vested in said Sewerage and Water Board".

Under this merger the Sewerage and Water Board obtained possession of the property involved in this cause and employs it in the operation and maintenance of the drainage system of the city, which operation and maintenance it is specially charged by the Act, *Supra*.

The argument of the plaintiff's learned counsel is, that as this section of the Act divested the Drainage Commission of, and vested

in the Sewerage and Water Board, every "right" which the former had in any manner acquired prior to the merger, the "right" of ownership in this property, which "right" the Drainage Commission had acquired by its purchase of the property, necessarily, and as well as all other "rights," was thus vested in the Sewerage and Water Board.

The answer to this argument is the Act itself, the 17th Section of which provides that:

"The title to all public works * * * * constructed by said Board, and to all property of every kind and nature, real or personal purchased *or in any way acquired* by said Board *shall be vested in the City of New Orleans* * * *." Sec. 17, Act No. 111 of 1902.

It is, therefore, manifest that the City of New Orleans has the title to and is the owner of the property in question and that no suit which affects or concerns this property and which seeks to impose upon it a charge or burden, may be maintained without its being a party thereto.

It is further argued that as the counsel, who appeared in the cause for the Sewerage and Water Board, is an assistant City Attorney, the City may thus be considered as being voluntarily in the case through the appearance of that officer. There is no force in this contention whatever. In the first place, if that attorney is in point of fact the attorney both for the Sewerage and Water Board and an assistant City Attorney, it does not appear that he made any appearance in the cause in the latter capacity at all. In the next place he is not an assistant City Attorney, but is the special counsel of the Sewerage and Water Board, an officer specially created and provided for by Section 14 of the "Merger Act."

The two corporations,—the City of New Orleans and the Sewerage and Water Board, are separate and distinct entities and the special counsel of the latter has no authority whatever to represent the City simply by virtue of his attorneyship of the Board.

93

Our conclusion is that as the Sewerage and Water Board is not the owner of the property, the present action cannot be maintained.

The rule is that where the wrong person has been sued, the proper person in interest not being a party to the suit, the cause ought to be dismissed; but, where the party sued, though he may not be adjudged against without the presence in the suit of the other and necessary party, yet, if he has some character of right or interest in the subject matter of the suit, remote though it be, and which right or interest might possibly be impaired or affected by the judgment, courts may, instead of dismissing the cause retain it and allow the inpleading of the proper party in the cause. Though we find, as we have stated, that the Sewerage and Water Board is not the owner of the property, nevertheless, as an instrumentality of the City charged with the control and execution of the City's system of drainage, it has the custody of and is using and employing this property in the execution and furtherance of this important work, and therefore it has some right on the property, hence it may not be said that it would be mis-joinder of parties to permit it to be unpleaded with the real party in interest

Instead therefore of dismissing the suit we will remand it in order that the City of New Orleans may be made a party defendant.

It is therefore ordered, adjudged and decreed that the judgment appealed from, which was in favor of the defendant on the merits, be and the same is hereby annulled, set aside and reversed; and further, that the cause be remanded to the lower court in order that the City of New Orleans may be duly made a defendant therein.

The costs of appeal to be taxed against the appellee; those of the lower court to await final judgment.